IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LIONEL S. DORSEY, ET AL.,** | * | |
| Plaintiffs, | * | |
| v. | * | CASE NO.:  PJM-18-cv-829 |
| **MICHAEL SOKOLOFF, ET. AL.,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**STATE OF MARYLAND'S MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, State of Maryland, through counsel, submits this Memorandum in support of its Motion for Summary Judgment.

## I.   INTRODUCTION & BACKGROUND

This Motion for Summary Judgment provides closure on the issues raised in the State's preliminary Motion to Dismiss (ECF Doc. 39). It is premised on the same legal arguments made in the State's Motion to Dismiss, but specifically addresses the basis for this Court's denial of that Motion and the undisputed evidence submitted by both LGIT and the Plaintiffs relevant to the County (referred to herein as "the County" or "Charles County"), as well as, LGIT's responsibility to cover and defend this action. In the interest of brevity, the State adopts and incorporates herein the introduction and relevant background sections of its memorandum in support of its Motion to Dismiss (ECF Doc. 39-1 at 2-14).

1

To recall, the State previously moved to dismiss on the basis that it is not the proper defendant under Section 9-108 of the State Finance and Procurement Article. (ECF Doc. 39-1.) Instead, because the Defendant Board of Commissioners for Charles County has liability insurance for the coverage and defense of alleged tortious conduct by Sheriff's and Sheriff's Deputies while engaged in law enforcement functions in accordance with Section 9-108, the County is the proper named Defendant for any liability in this case.

At the July 16, 2018 hearing on preliminary motions, the Court denied the State's Motion on the basis that discovery was needed to confirm whether Defendant Michael Sokoloff was performing a local function, i.e. a law enforcement. More specifically, the Court stated:

> The Court will deny the State's Motion to Dismiss, ECF Number 39. ***I think that there is some issue of the duality of the agency of Defendant Sokoloff on the day in question. Whether he was working as a county and/or state agent, obviously, is the subject of fact inquiry.*** We're pretty much at the starting gate here, so the defendant's -- the Defendant State's Motion is denied.

(ECF Doc. 87, Official Transcript of Motion Proceedings before the Honorable Peter J. Messitte, at 39.) (Emphasis added.)

Sokoloff has now filed a Motion for Summary Judgment, wherein he attests in an Affidavit to what his actions and duties were on the day in question. In his Affidavit, he recounts that on the day in question he was "assigned to patrol the D2 Sector in District Three . . . ," and that he was "working the evening shift" when he "saw the call for service" from dispatchers. (ECF Doc. 88-11 at ¶¶ 2-3.) According to Sokoloff, "[t]he call from the CCSO dispatcher advised that EMS was requesting CCSO units to respond to assist at the

scene of a single vehicle accident," and that he "decided to respond to the call for service because [he] believed that, based on [his] location, [he] was the closest CCSO unit." (*Id*. at ¶ 3.) He then "activated [his] lights and siren and began driving to the scene." (*Id*.) His Affidavit goes on to recount his actions at the scene after he arrived in response to the request for law enforcement assistance.

Sokoloff's testimony is in accord with the allegations of the second Amended Complaint and the incident reports from other Sheriff's Deputies stating that all deputies responding to the scene were responding to 911 calls and a request from EMS for law enforcement assistance. (ECF Doc. 85 at ¶¶ 49-50; ECF Doc. 88-9.) Based on this evidence, Sokoloff's Memorandum in support of his Motion – which was submitted to this Court by the same counsel for the County and LGIT – concedes that the genesis of Sokoloff's conduct was two 911 calls from citizens for which EMS was dispatched. Furthermore, EMS then requested law enforcement assistance from Charles County Sheriff's Deputies due to suspected drug use and the presence of a loaded firearm. (ECF Doc. 88-3 at 3-4.) The memo goes on to acknowledge that Sokoloff's arrival on the scene was pursuant to his role as a law enforcement patrol deputy responding to the dispatch call for assistance. (*Id*. at 5-6.)

Relevant to the State's position in this case, missing from Sokoloff's Affidavit, the incident reports, and Sokoloff's memo are any statements suggesting that Sokoloff was engaged in a State function as described in Section 9-108(a) of the State Finance and Procurement Article. Sokoloff's Memo and Exhibits are devoid of any references to Sokoloff being engaged in the performance of any duty pertaining to courthouse security,

3

service of process, transportation of inmates to and from court proceedings, personnel and other administrative activities, activities arising under a multijurisdictional agreement under the supervision and direction of the Maryland State Police or other State agency, or any other activities not related to law enforcement or detention center functions.

As indicated at the July 16, 2018 Motions hearing, Plaintiffs already have thousands of pages of documents relating to this incident obtained by way of a Maryland Public Information Act request to the Sheriff's Office. (ECF Doc. 87 at 11-12.) Also at that hearing it was Plaintiffs – and not the County – that contended discovery was needed to determine whether Sokoloff was engaged in a State or local function under § 9-108. (*Id*. at 37-39.) Yet, in their opposition to Sokoloff's Motion Plaintiffs do not dispute Sokoloff's testimony about what his duties and assignments were on the date in question. Plaintiffs offer no evidence from the thousands of pages of documents they already have to contend Sokoloff was possibly engaged in one of the State functions listed in § 9-108(a). In fact, Plaintiffs' Memo relies on Sokoloff's own affidavit in acknowledging that Sokoloff arrived on the scene in response to an EMS request to dispatch for law enforcement assistance due to the presence of a loaded firearm. (ECF Doc. 101-1 at 7.) From there, Plaintiffs' provide expert opinion evidence from a police practices expert that based on his expertise "in ***the field of use of force and law enforcement practices and procedures*** . . . Sokoloff violated standard police practices, policies, and training when he treated DeOntre Dorsey's seizure ***as a law enforcement event*** instead of a medical event." (ECF Doc. 101-4 at ¶¶ 9-10) (emphasis added). Importantly, the affidavit of Plaintiffs' counsel pursuant to Rule 56(d)

4

of the Federal Rules of Civil Procedure does not state that Plaintiffs need the opportunity to do discovery into whether Sokoloff was performing a State or local function.

## II.   LEGAL ANALYSIS

In the interest of brevity, the State adopts and incorporates herein the legal arguments set forth in its Memorandum in support of its Motion to Dismiss (ECF Doc. 39-1 at 15-32) and Reply Memo (ECF Doc 61).  The additional arguments herein address the specific basis for which the State's Motion to Dismiss was denied in light of the undisputed evidence submitted and arguments made in support of Sokoloff's Motion for Summary Judgment, as well as the Plaintiffs' silence in their opposition on the issues relevant to the State's involvement in this case.

### A.   STANDARD OF REVIEW & RULE 56(D) AFFIDAVITS

"Ordinarily, summary judgment is inappropriate 'where the parties have not had an opportunity for reasonable discovery.'" *Sager v. Hous. Comm'n of Anne Arundel Cty.*, 855 F.Supp.2d 524, 542 (D.Md.2012), (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir.2011)).  However, the Fourth Circuit has repeatedly recognized that "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244 (4th Cir.2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir.1996)).  "The opponent typically must file an affidavit or declaration pursuant to Rule 56(d), proffering specific reasons why,

5

without discovery, it cannot present facts essential to its opposition." *See Gardner v. United States*, 184 F. Supp. 3d 175, 181 (D. Md. 2016).

However, Rule 56(d) affidavits may not demand discovery for discovery's sake, and a Rule 56(d) request is properly denied "where the additional evidence sought . . . would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Id.* at 182 (quoting *Strag v. Bd. of Trs.*, 55 F.3d 943, 954 (4th Cir.1995). "Although in the ordinary case a district court should exercise caution in ruling on summary judgment in the face of a Rule 56(d) request, courts have repeatedly held that the rule does not authorize 'fishing expedition[s].'" *Gardner*, 184 F. Supp. 3d 184 (citing cases). *See also Agelli v. Sebelius,* Civ. No. DKC 13–497, 2014 WL 347630, at *9-10 (D.Md. Jan. 30, 2014) (Judge Chasanow denying a discovery request in an age-discrimination claim, concluding that the crux of the Plaintiff's argument was that she hoped to locate probative evidence probative of pretext and believed that she should be allowed to find out if she had a claim, rather than that she had a claim for which she needed discovery.); *Wright v. Eastman Kodak Co.*, 550 F.Supp.2d 371, 382 (W.D.N.Y.2008) (a Rule 56(d) discovery request "may not be premised solely on speculation as to evidence which might be discovered[.]" (citation omitted), *aff'd*, 328 Fed.Appx. 738 (2d. Cir.2009).

**B. SOKOLOFF'S AFFIDAVIT AND OTHER EVIDENCE CONFIRMS HE WAS PERFORMING A LOCAL LAW ENFORCEMENT FUNCTION WITHIN THE MEANING OF § 9-108 AND PLAINTIFFS DO NOT DISPUTE THIS.**

In this case, Sokoloff and the County are represented by the same attorneys provided through LGIT. In Sokoloff's Memorandum in support of his Motion for Summary Judgment, he concedes through his attorneys that on the date in question he was assigned

to law enforcement patrol working the evening shift, and he responded to a request over dispatch for law enforcement assistance to EMS. Because Sokoloff and the County are represented by the same attorneys, the County is bound to the evidence and statements presented in Sokoloff's Motion. Thus, the County must accept that Sokoloff was performing a local law enforcement function within the meaning of § 9-108(a). In this regard, at no point in either the preliminary motions pleadings or the July 16, 2018 hearing did the County contend Sokoloff was not engaged in a law enforcement function. Accordingly, the County, who the State charges as the proper defendant with responsibility for coverage and defense under § 9-108, has not raised a dispute of fact on the issue of whether Sokoloff was engaged in a law enforcement function, and has essentially conceded this fact.[1]

In their opposition, Plaintiffs offer nothing to dispute Sokoloff's assertions of what his duties were on the date in question or suggest Sokoloff was in fact engaged in a State function as described in § 9-108(a), despite possessing thousands of pages of documents. While the Rule 56(d) affidavit of Plaintiffs' counsel states discovery is needed on a number

---

[1] As if the circumstance underlying the disagreement between the County and State were not strange enough, the undersigned counsel notes that he does not have complete an unfettered access to the Sheriff or any potential witnesses from the Sheriff's Office regarding this matter. The undersigned counsel must go through counsel for the County/LGIT to access witnesses, which hardly resembles an ordinary attorney/client relationship necessary to provide an effective defense of an action. The oddity of counsel for the County/LGIT having complete access to the Sheriff and his Office while at the same time taking the position that the State is responsible for the defense of this action should not escape the Court's attention.

of issues arising from the events alleged, it notably does not state that Plaintiffs need the opportunity to do discovery into whether Sokoloff was performing a State or local function.

To the contrary, in arguing that Sokoloff had no justification to use his taser, Plaintiffs openly acknowledge that Sokoloff arrived on the scene in response to an EMS request to dispatch for law enforcement assistance due to the alleged presence of a loaded firearm. Plaintiffs go further to provide an expert opinion that Sokoloff's conduct violated "law enforcement" practices and procedures by, among other things, treating DeOntre Dorsey's seizure "as a law enforcement event instead of a medical event." (ECF Doc. 101-4 at ¶¶ 9-10).

In light of the arguments and evidence submitted by LGIT and Plaintiffs, Plaintiffs have neither proof nor a particularly good reason to believe that Sokoloff was engaged in a State function within the meaning of § 9-108. They merely hope that depositions or similar fact discovery might yield such evidence (or perhaps they know or suspect no such evidence exists). Against that backdrop, this Court should be disinclined to license a fishing exhibition, particularly where, as here, the County/LGIT has adduced evidence that seems flatly at odds with the notion that Sokoloff was performing a State function.

Since the State is not the proper defendant, it must be dismissed from this suit, and the County/LGIT must assume responsibility for the coverage and defense of this action.

### III. CONCLUSION

For the reasons stated herein, the State of Maryland respectfully requests summary judgment in its favor on all claims.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

_____/S/_____
Carl N. Zacarias (#28126)
Assistant Attorney General
Office of the Attorney General
80 Calvert Street
Annapolis, Maryland 21401
(410) 260-6139

Counsel for the State of Maryland